IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL BROWN, #041267,
    Plaintiff,

vs.                                                   Case No.: 3:10cv343/LAC/EMT

SERGEANT THORTON, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, initiated this action on September 5, 2010, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1 at 7). Leave to proceed in forma pauperis has been granted (Doc. 12). The court granted Plaintiff's motion to proceed in forma pauperis based only upon the monetary information supplied in the motion to proceed in forma pauperis (Doc. 10); however, based upon further review of the file and of previous cases filed by Plaintiff, the court deems it necessary to vacate its order and direct reimbursement of the initial partial filing fee paid by Plaintiff.

Plaintiff names the following individuals as Defendants in this case, all of whom were employed at the Santa Rosa Correctional Institution ("SRCI") at the time of the events giving rise to this action: Sergeant Thorton, Nurse Torino, and Nurse Donahue (Doc. 1 at 1, 2). Plaintiff alleges that on April 18, 2009, he alerted Sergeant Thorton that the sink in his cell was overflowing (*id.* at 5). Sergeant Thorton responded that he would take care of it (*id.*). Two days later, Plaintiff again alerted Sergeant Thorton to the problem with his sink (*id.*). Thorton again responded that he would take care of it (*id.*). Plaintiff states Sergeant Thorton knew that Plaintiff suffered from poor circulation in his feet (*id.*). Plaintiff states this physical condition caused his feet to swell and difficulty walking (*id.*).

On May 2, 2009, Plaintiff slipped and fell in the water in his cell (due to the overflowing sink), which opened a deep gash in his right leg (*id.*). Five minutes later, an unidentified officer observed Plaintiff lying on the floor of his cell, bleeding and in agony, and requested that the medical department respond to the emergency (*id.*). Plaintiff continued to lie on the floor, bleeding to the point that he felt faint, for approximately twenty (20) minutes (*id.* at 5–6). He was then taken by wheelchair to the medical department (*id.* at 6). He heard Nurses Torino and Donahue state that they did not respond to Plaintiff's cell because they did not want to walk the distance (*id.*). Plaintiff was transported to a hospital and received thirteen (13) stitches in his leg (*id.*).

Plaintiff claims that Sergeant Thorton's failure to address the overflowing sink exposed him to unsafe conditions of confinement, in violation of the Eighth Amendment (*id.* at 7). He contends Nurses Torino and Donahue's failure to respond to his cell constituted deliberate indifference to his serious need for medical attention (*id.*). As relief, he seeks compensatory damages for pain and suffering (*id.*).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has advised the court (*see* Doc. 1 at 3–5), and the court takes judicial notice, of two actions previously filed by Plaintiff in this District while he was incarcerated, which have been previously dismissed by the court as frivolous, malicious, or for failure to state a claim: Brown v. Thorton, Case No. 3:09cv396/RV/MD (N.D. Fla. Mar. 12, 2010) (dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), and Brown v. Thorton, Case No. 3:10cv175/RV/MD (N.D. Fla. July 27, 2010) (dismissed as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)). Additionally, Plaintiff acknowledged that he filed an appeal with the Eleventh Circuit Court of Appeals in Case No. 3:10cv175/RV/MD (*see* Doc. 1 at 4); and the docket reflects

the Eleventh Circuit dismissed the appeal as frivolous on August 25, 2010 (*see* <u>Brown v. Thornton</u>, Case No. 3:10cv175/RV/MD, Doc. 43).[1]

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement. Furthermore, his three prior cases, identified *supra*, qualify as "strikes" under § 1915(g). Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; <u>Jackson v. Reese</u>, 608 F.2d 159, 160 (5th Cir. 1979); <u>McAlphin v. Toney</u>, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. <u>White v. State of Colorado</u>, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing"

---

[1] The inmate number of the plaintiff in each of those cases, #041267, is the same as Plaintiff's.

Case No: 3:10cv343/LAC/EMT

and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering ongoing serious physical injury, nor do they allege a likelihood of imminent serious physical injury. Even if Defendants Torino and Donahue's failure to immediately respond to Plaintiff's need for medical treatment created a risk of serious harm, the risk of serious physical injury ceased to exist when Plaintiff was treated for the gash in his leg at the hospital the same day he fell. Furthermore, even if Defendant Thorton's alleged failure to correct the unsafe condition in Plaintiff's cell created a risk of serious harm, Plaintiff does not allege any facts showing he was still being exposed to that same condition at the time he filed this lawsuit (over one year after the event occurred). Thus, even if Plaintiff was exposed to a serious threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute. *See* Medberry, 185 F.3d at 1193. Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

1. The court's previous order (Doc. 12) granting Plaintiff's motion to proceed in forma pauperis (Doc. 10) is hereby **VACATED**.

2. Plaintiff's motion to proceed in forma pauperis (Doc. 10) is **DENIED**.

3. The clerk of court shall mail a copy of this order to: Department of Corrections, 2601 Blairstone Road, Tallahassee, FL 32399-2500, Attention: Agency Clerk. The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for Case No. 3:10cv343/LAC/EMT.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be dismissed without prejudice to its refiling accompanied by full payment of the $350.00 filing fee.

At Pensacola, Florida, this 23rd day of December 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**